UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSE OSCAR BAEZ-BEJARANO,<br><br>　　　　　　　Defendant. | Case No. 4:21-cr-00103-DCN<br><br>**REPORT AND RECOMMENDATION** |

On March 10, 2022, Defendant Jose Oscar Baez-Bejarano appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Information (Dkt. 206), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation

Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested on April 15, 2021, and appeared before the undersigned on April 20, 2021, for an initial appearance and arraignment on the Indictment. (Dkt. 52.) The Government moved for detention and the Court held a detention hearing on April 23, 2021. (Dkt. 55.) The Court denied the Government's motion for detention and entered an order setting conditions of release. (Dkt. 55, 77.) These conditions included submission to random testing for prohibited substances; home detention; location monitoring, and participation in a substance abuse assessment and program of inpatient or outpatient substance abuse therapy if directed by the Pretrial Services Officer.

Since his release, Pretrial Services reports Defendant has shown periods of compliance and non-compliance during pretrial supervision. (Dkt. 218.) Defendant has participated in the location monitoring program on home detention monitored with GPS technology. Pretrial Services reports Defendant has shown overall compliance with this program, and has maintained communication with Pretrial Services. On June 10, 2021,

Pretrial Services submitted a release status report advising the Court that Defendant submitted a urine sample on May 25, 2021, which tested positive for cocaine, and that Defendant admitted to using cocaine on one occasion as well as to using marijuana on one occasion. (Dkt. 96.) Pretrial Services further reported Defendant violated his home detention schedule by briefly leaving his residence on May 24, 2021, without prior authorization. (Dkt. 96.) Pretrial Services increased the frequency of Defendant's drug testing. (Dkt. 184.) On January 26, 2022, Pretrial Services submitted a second release status report indicating Defendant submitted a urine sample which tested positive for methamphetamine. (Dkt. 184.) The sample was sent for confirmation testing which confirmed the presence of methamphetamine. Pretrial Services referred Defendant for increased drug testing. (Dkt. 184.) Pretrial Services further reports Defendant has maintained a stable residence with his spouse and children, is currently participating in weekly vendor testing, and that there have been no further positive drug test results. (Dkt. 218.) Pretrial Services recommends no change to the conditions of pretrial supervision. *Id.*

  According to Defendant's proffer, Defendant has been cooperative with Pretrial Services. He has appeared for all court appearances, and other than the two failed drug tests, he has had no further positive test results. Defendant is currently caring for his three children while his wife works outside the home. Defendant also has no known criminal history.

  The Government opposes continued release but qualified that the same is based

**REPORT AND RECOMMENDATION - 3**

merely on the two instances of use of controlled substances noted in the pretrial status reports. The Government indicated it has no information or other reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time, nor is the Government aware of any other factors increasing these risks.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the care of Defendant's children that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Jose Oscar Baez-Bejarano's plea of guilty to Count 1 of the Superseding Information (Dkt. 206);

2) The District Court order forfeiture consistent with Defendant Jose Oscar Baez-Bejarano's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 206) and the Plea Agreement (Dkt. 204);

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Indictment (Dkt. 1) as to Defendant; and

4) The District Court continue Defendant's release pending sentencing,

subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 77).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 10, 2022

Candy W. Dale
Chief U.S. Magistrate Judge